Taft, J.
This case involyes the question whether trucks used by a vendor in making deliveries of items sold to his retail customers are used “directly in making retail sales” within the meaning of those words as found in the portion of Section 5739.01 (E) defining “retail sale.”
There are no decisions of this court that have considered whether items used in making deliveries to retail customers are used directly in making retail sales. There is nothing in the report of United States Steel Corp. v. Bowers, Tax Commr. (1960), 170 Ohio St., 558, 167 N. E. (2d), 87, to indicate that it was contended in that case that the lumber there involved was so used. Even in quoting from Section 5739.01 (E) (2), the report of that case omits the portion of that statute with respect to use “directly in making retail sales.”
The question in the instant case is not, as the Board of Tax Appeals indicated in its decision, whether the appellant was “in the business of making ‘retail sales’ of furniture and appliances” or whether “it used the trucks directly in making retail sales.” Because they involved a transfer of possession of the trucks for a consideration, the rentals of those trucks by the appellant to the furniture dealers amounted to sales under the definition of “sale” set forth in Section 5739.01 (B). However, no tax is levied except on a “retail sale.” Section 5739.02, Revised Code. Under the words of Section 5739.01 (E) (2), the rental of one of those trucks would not amount to a “retail sale” if “the purpose of the consumer” was “to use * * * the *110 thing transferred [i. e., the truck] * * * directly in making retail sales.”
Here the “consumer” is a furniture company which is, to use the words of Section 5739.01 (D), “the person to whom the transfer effected # * by a sale is or is to be made or given.” The appellant in the instant case is not the consumer. Hence, if, with respect to rental of a truck to one of these furniture companies, the purpose of the furniture company (the consumer) was “to use * * * the thing transferred [i. e., the truck] * * * directly in making retail sales,” there would be no tax on the rental paid by the consumer furniture dealer to the appellant for that truck.
The words of Section 5739.01 (B), Revised Code, a part of the Sales Tax Act, defining “sale” clearly indicate that there is no sale within the meaning of the Sales Tax Act until there is a transfer of either possession or title. Unless a different intention appears from a contract of sale, if such contract requires the vendor to deliver items sold at retail, title to such items will not pass until delivery. Section 1315.20, Revised Code. See Hallet & Davis Piano Co. v. Starr Piano Co. (1911), 85 Ohio St., 196, 97 N. E., 377; Rehr, Recr., v. Trumbull Lumber Co. (1924), 110 Ohio St., 208, 143 N. E., 558; Baltimore & Ohio Southwestern Ry. Co. v. Good (1910), 82 Ohio St., 278, 92 N. E., 435, 29 L. R. A. (N. S.), 713. See also Section 1302.42 (B), Revised Code, a part of the Uniform Commercial Code, to be effective July 1, 1962.
In such an instance, delivery is an essential part of the making of such retail sale, which does not end until such delivery is made; and a truck used directly in making that delivery is used directly in making that retail sale. See also Sections 5739.03 and 5739.09, Revised Code.
The Board of vTax Appeals did not consider the question whether the evidence was sufficient to support a finding that, as to any rental of a truck involved in the instant case, the purpose of the furniture company was to use the rented truck for deliveries of items sold to retail customers under contracts of sale not to be completed until such deliveries had been made.
The cause must therefore be remanded to the board for consideration of such questions.
*111 The board gave as a further reason for holding against the appellant that no exemption certificates were shown to have been received by the appellant. That there is no basis for such a reason is indicated by the provisions of Section 5739.03, Revised Code, as in effect at the times involved in the instant case. 126 Ohio Laws, 724; 128 Ohio Laws, 429.
It is not necessary at this time for us to consider the other questions of law .raised by appellant.

Decision reversed.

Zimmerman, Matthias, Bell and O’Neill, JJ., concur.
Weygandt, C. J., dissents.
Herbert, J., not participating.